UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES MEIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19 CV 262 RWS |
| ) | |
| SAFECO INSURANCE COMPANY ) | |
| OF ILLINOIS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER OF REMAND

This case was originally filed in the Circuit Court of St. Louis City, State of Missouri. The case was removed to this Court by Defendant Safeco Insurance Company of Illinois based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Plaintiff James Meier filed a motion to remand the case arguing that federal subject matter jurisdiction is lacking because the amount in controversy is less than $75,000, exclusive of interest and costs.

The party seeking removal and opposing remand has the burden to establish federal subject matter jurisdiction. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). All doubts about federal jurisdiction must be resolved in favor of remand. Id. The party seeking removal must prove, by a preponderance of the evidence, that a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the

plaintiff suffered are greater than $75,000.  Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002).

Meier's state court petition alleges that he while was driving on an interstate highway he was injured by a metal object that fell from a tractor trailer travelling in front of Meier.  The metal object hit Meier's windshield causing him to collide with a cable barrier.  Meier claims injuries to his head, face and back.  The tractor trailer did not stop.  Meier seeks uninsured motorist coverage from his insurance policy with Defendant Safeco.  The policy limit is $50,000 for bodily injury for each person.  In its removal notice Safeco asserts that two cars were insured under the policy, suggesting that Meier may be seeking to stack the $50,000 limit to $100,000.  Meier has also filed a vexatious refusal to pay claim.  Yet nothing in the state court petition clearly indicates that the amount in controversy exceeds $75,000.

In response to Safeco's removal, Meier filed a motion to remand and clarified the amount in controversy by providing affidavit limiting his recovery to less than $75,000.  Based on Meier's petition and affidavit I find that the Court's diversity jurisdiction has not been established in this matter.  As a result, I will grant Meier's motion to remand this matter to state court.

Because I do not have jurisdiction over this matter I cannot rule upon Defendant David Pope Insurance Services, LLC's motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff James Meier's motion to remand [11] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of St. Louis City, State of Missouri under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED that** the parties each bear their own costs incurred by reason of these removal and remand proceedings.

_/s/ Rodney W. Sippel_
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 21st day of March, 2019.